UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY ANDREWS, <br><br> *Plaintiff*, <br><br> v. <br><br> ST. PAUL GUARDIAN INSURANCE COMPANY, <br><br> *Defendant*. | CASE NO.   CV15-676 BJR <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

Plaintiff Larry Andrews ("Plaintiff") owns a home located in Seattle, Washington. At all times relevant to this lawsuit, Defendant St. Paul Guardian Insurance Company ("Defendant") insured Plaintiff's home against damage caused by earth movement, including earthquakes. Plaintiff claims that his home sustained damage during the Nisqually Earthquake that shook Seattle in February 2001. Plaintiff filed a notice of claim with Defendant in June 2014. Defendant denied the claim and Plaintiff instituted this lawsuit.

1

Before the Court is Defendant's motion for summary judgment. Defendant charges that the insurance policy contains a limitation clause that requires that all suits against Defendant be instituted within three years after the property loss occurred. Defendant argues that because Plaintiff failed to file suit within the three-year limitation period, he waived his right to pursue his claim. Plaintiff opposes the motion. Upon consideration of the motion, the opposition thereto, and the entire record in this case, together with the relevant legal authority, the Court HEREBY GRANTS in part and DENIES in part Defendant's motion for summary judgment. The reasoning for the Court's decision is set forth below.

## II.     BACKGROUND

Plaintiff purchased an insurance policy from Defendants in 1987 for his home located at 1932 98th St., Seattle, WA 98117, and maintained coverage until May 1, 2014. Complaint "Dkt. No. 1" at ¶ 8. The policy included coverage for earthquake damage. *Id*. The policy contains a "suit limitation" provision that provides: "You cannot file suit against [Defendant] unless you do so within 3 years after the date the loss occurred." Dkt. 9, Ex. 1 at 35.

The Nisqually Earthquake occurred on February 28, 2001. Dkt. 1 at ¶ 9. Plaintiff alleges that during the earthquake, neighbors "witnessed [his] entire house bouncing wildly." *Id*. Plaintiff claims that he walked the perimeter of his house, but saw no visible signs of structural damage. *Id*. However, during the first week of June 2014, Plaintiff commissioned an inspection of his deck in relation to a home improvement project he was considering. *Id*. at ¶ 11. During this inspection, Plaintiff alleges that he learned that the foundation footings for the lower deck had "massive visible damage," and further learned that the damage may have been caused by the Nisqually Earthquake. *Id*. at ¶¶ 12, 15. Plaintiff reported the damage to Defendant on June 18, 2014. *Id*. at ¶ 16.

Defendant inspected the damage and issued a letter denying coverage. *Id*. at ¶¶ 17, 20. Plaintiff claims that Defendant has denied coverage for a variety of reasons, including that the policy did not cover damage caused by earthquakes and/or dry rot, and that Plaintiff failed to file his claim in a timely manner. *Id*. at ¶¶ 20, 23. Plaintiff initiated this lawsuit on April 30, 2015 alleging that Defendant breached its contract, committed the tort of insurance bad faith under RCW 48.01.030, and engaged in unfair and deceptive acts in violation of the Washington Consumer Protection Act, RCW 19.86.020 and RCW 19.86.090. *Id*. at ¶¶ 25-33.

## II.   LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

## IV.   DISCUSSION

### A.   Count I:  Breach of Contract

There are five facts that are material to Plaintiff's breach of contract claim, none of which is in dispute: (1) Defendant provided earthquake insurance for Plaintiff's house; (2) the Nisqually Earthquake occurred on February 28, 2001, (3) the earthquake damaged Plaintiff's house, (4) Plaintiff instituted this lawsuit on April 30, 2015, and (5) the insurance policy contains a three-year limitations clause.[1] Plaintiff does not contend that any of these facts are in dispute.

---

[1]   Defendant concedes each of these facts for purposes of this motion only.

3

Indeed, Plaintiff concedes that he "tendered [the] claim outside of the suit limitation provision" contained in the insurance policy. Dkt. No. 11 at 4. However, relying on *Mutual of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wash.2d 411 (2008), Plaintiff argues that Defendant is not relieved of its obligation to perform on the policy unless it can show that the late tender of his claim actually and substantially prejudiced Defendant.

Plaintiff misstates the law.[2] In making his argument, Plaintiff attempts to circumvent the insurance policy's clear three-year limitation clause by invoking Washington's "late tender" rule. The "late tender" rule stands for the proposition that if an insurer has a duty to defend and indemnify its insured in a lawsuit and the insured fails to tender its defense to the insurer in a timely manner (*i.e.*, affirmatively inform the insurer that its participation is desired), "the insurer is not relieved of its duty to defend unless it can prove that the late notice resulted in actual and substantial prejudice." *Unigard Ins. Co. v. Leven*, 97 Wash.App. 417, 427 (1999), *rev. denied*, 140 P.2d 1009 (2000). However, the "late tender" rule has no impact on an insurer's ability to invoke a limitation clause in its insurance policy. Washington law is clear, "a finding of prejudice is not required before an insurance company may rely on an insured's failure to bring suit within the contract limitation period." *Simms v. Allstate Insurance Company*, 27 Wn.App. 872, 877 (1980); *see also*, *Ward v. Stonebridge Life Insurance Company*, 2013 WL 3155347, *4 (W.D.W.A. June 21, 2013) (noting that Washington courts have expressly declined to make an

---

[2]   In *Mutual of Enumclaw*, two settling insurers in a construction defect lawsuit brought contribution and subrogation actions against a non-participating insurer. In the underlying lawsuit, Dally Homes, a homebuilder and developer, was sued by a homeowners association for construction defects. Dally Homes was insured by three separate insurance companies. Dally Homes settled with two of the insurance companies and intentionally did not tender a claim (*i.e.* assert its right to have the third insurance company defend and indemnify it in the lawsuit by the homeowners association) to the third insurance company. The two settling insurance companies then brought an action for contribution and subrogation against the non-settling insurance company. The non-settling insurance company moved for summary judgment, arguing that it is not liable under the "selective tender" or "late tender" rules. The Supreme Court determined that the "late tender rule" does not apply to claims of equitable contribution but did apply to the subrogation claim.

insurer's right to enforce a suit limitation clause contingent on a demonstration of actual prejudice).

It is black letter law that courts in Washington must construe insurance policies as the average person purchasing insurance would, giving the language "'a fair, reasonable, and sensible construction.'" *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501, 512 (2012). In addition, it has long been the law in Washington that unambiguous limitation clauses in insurance policies are valid, so long as the clause does not provide for a limitation period of less than one year. *See*, *e.g.*, *Hefner v. Great American Ins. Co.*, 126 Wash. 390, 391 (1923) ("We have uniformly held that a clause ... fixing a limitation of the time in which suit is sustainable is a valid one."); *Johnson v. Phoenix Assur. Co.*, 70 Wn.2d 726, 729 (1976) (holding that a one-year limitation period is valid); *Simms v. Allstate Ins. Co.*, 27 Wn.App. 872, 874 (1980) (same); *Schaeffer v. Farmers Insurance Exchange*, 111 Wn.App. 1018, *2 (Wa. App. April 22, 2002) (same).

Here, Plaintiff does not challenge the existence of the three-year limitation clause; nor does he allege that the clause is ambiguous or unenforceable for some other reason. He concedes that he instituted this lawsuit beyond the three-year limitation—indeed, he filed it fourteen years after the loss occurred. Because the policy clearly and unambiguously bars lawsuits against Defendant that are filed more than three years after damage occurred, and because Plaintiff concedes that he filed this lawsuit fourteen years after his house was damaged by the Nisqually Earthquake, his breach of contract claim is time-barred as a matter of law.

**B.   Counts II and III: Bad Faith and Washington Consumer Protection Act Claims**

Plaintiff argues that his bad faith claims should survive summary judgment because the three-year statute of limitations on those claims began to run on the date that the bad faith

occurred. Dkt. No. 11 at 4. Defendant does not address this argument, let alone meet its burden for summary judgment on the bad faith claims. Accordingly, Defendant's motion is denied as to Counts II and III.

## V. CONCLUSION

Based on the foregoing reasons, the Court HEREBY GRANTS summary judgment as to Count I and DENIES summary judgment as to Counts II and III. (Dkt. No. 9). Count I is hereby DISMISSED.

Dated this 9th day of August, 2015.

Barbara Jacobs Rothstein
U.S. District Court Judge